UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEON EUGENE SIMMS,

        Plaintiff,

v.

STEVEN BUCHANAN, et al.,

        Defendants.

Case No. 3:25-cv-05342-DGE-TLF

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff, Keon E. Simms, is unrepresented by counsel and seeks *in forma pauperis* ("IFP") status in this matter. Dkts. 1, 1-1. Considering deficiencies in the complaint discussed below, the undersigned will not direct service of the complaint at this time. Plaintiff is ordered to either show cause why this cause of action should not be dismissed, or file an amended complaint, on or before **July 7, 2025**.[1]

BACKGROUND

Plaintiff states he is a pretrial detainee at Pierce County Jail ("PCJ"); he commenced this action on April 23, 2025. Dkt. 1. Plaintiff names as defendants S. Buchannan, Sergeant at PCJ and Place, Sergeant/Courts Officer at PCJ. Dkt. 1-1. Plaintiff alleges defendants violated his right to due process and right to access the

---

[1] The Court will defer ruling on plaintiff's motion to proceed IFP pending plaintiff's response to this order to show cause.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 1

courts by refusing to allow him to testify against his previous criminal attorney at a hearing before the Washington State Bar Association on February 3, 2025. *Id.*

Plaintiff alleges that defendants' refusal to allow him to testify at the Bar Association hearing "may jeopardize his claim to ineffective assistance of counsel in a later appeal in [his] criminal case." *Id.* at 6. Plaintiff states he is seeking money damages as relief. *Id.* at 9.

## DISCUSSION

### A. Relevant Legal Standard

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

B. Access to Courts

Plaintiff alleges defendants violated his right of access to the courts by refusing to allow him to testify against his previous criminal attorney at a hearing before the Washington State Bar Association. He alleges his inability to testify at the hearing may jeopardize his claim to ineffective assistance of counsel in a later appeal in his criminal case.

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977) *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). The right of access to the courts applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and 42 U.S.C. § 1983 cases. *Lewis v. Casey*, 518 U.S. 343 at 353 n. 3, 354–55 (1996). Furthermore, the claim is limited to a prisoner's ability to *access* courts and does not extend to the ability to discover legal claims or effectively litigate claims once in court. *See Lewis*, 518 U.S. at 354–55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

In addition, a plaintiff must show some actual injury resulting from a denial of access to the court in order to allege a constitutional violation. *See Lewis*, 518 U.S at 349. To meet the actual injury requirement, a plaintiff must demonstrate "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here plaintiff fails to allege facts to show his inability to testify at his former attorney's disciplinary hearing frustrated a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 case. *Lewis*, 518 U.S. at 353 n. 3, 354–55. That is, he does not allege that he has been prevented from accessing the court to litigate a direct appeal, habeas corpus proceeding or § 1983 case.

Furthermore, plaintiff alleges his inability to testify at the hearing *may* jeopardize his claim to ineffective assistance of counsel in a later appeal in his criminal case. But, as discussed below, it appears plaintiff is a pretrial detainee and has not yet been convicted of the crimes with which he is charged. Thus, plaintiff fails to allege sufficient facts to show an actual injury.

Thus, as alleged, plaintiff's complaint fails to adequately state a claim for denial of access to the courts.

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4

C. *Younger* Abstention

Plaintiff's claims also appear to relate to his ongoing criminal proceedings and as such would likely be barred by the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Generally, federal courts will not intervene in a pending criminal proceeding absent "extraordinary circumstances, where the danger of irreparable harm is both great and immediate." *Younger*, 401 U.S. at 45, 46. Under *Younger*, courts should abstain from interfering with pending state judicial proceedings when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Courts may *sua sponte* consider whether *Younger* abstention is appropriate. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998); *see Younger*, 401 U.S. at 40–41.

Here, plaintiff indicates that he is a pretrial detainee and his criminal proceedings are currently pending. Dkt. 1-1. Court records show that plaintiff's state court criminal cases are ongoing and are currently set for a jury trial on June 25, 2025. *Id*. *See State v. Simms*, Pierce County Superior Court Nos. 19-1-04047-7, 21-1-02032-0, 22-1-00378-4, 22-1-00382-2, 22-1-0038703, 22-1-01184-1 (available at [Pierce County Superior Court Criminal Case 19-1-04047-7](#), [Pierce County Superior Court Criminal Case 21-1-02032-0](#), [Pierce County Superior Court Criminal Case 22-1-00378-4](#), [Pierce County Superior Court Criminal Case 22-1-00382-2](#), [Pierce County Superior Court Criminal](#)

Case 22-1-00387-3, Pierce County Superior Court Criminal Case 22-1-01184-1, last visited on June 2, 2025). Thus, the proceedings here involve a criminal prosecution implicating important state interests. Furthermore, there is nothing to indicate plaintiff would be prevented from raising in his state court criminal case the same issues he raises in his complaint in this matter. Plaintiff also fails to present sufficient facts in his complaint to show extraordinary circumstances where the danger of irreparable harm is both great and immediate.

As plaintiff brings claims here that would unduly interfere with the state criminal proceeding, the Court should abstain from deciding his claims pursuant to *Younger*.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint. If plaintiff intends to pursue this action, he must file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before July 7, 2025**. Within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) the constitutional or statutory right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety and contain

the same case number. It may not incorporate any part of the original complaint by reference.

The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Any fact or cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet. The Clerk is further directed to re-note plaintiff's motion to proceed IFP (Dkt. 1) to **July 7, 2025**.

Dated this 4th day of June, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 7

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8