UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEON EUGENE SIMMS, <br><br> Plaintiff, <br> v. <br><br> STEVEN BUCHANAN, et al., <br><br> Defendants. | Case No. 3:25-cv-05342-DGE-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for September 10, 2025 |

This matter is before the Court on plaintiff's filing of an amended complaint pursuant to the Court's order that he file one. Dkt. 4. Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). Plaintiff has also moved to proceed *in forma pauperis* ("IFP"). Dkt. 1.

For the reasons set forth below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted and pursuant to the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The Court further recommends that plaintiff's motion to proceed IFP (Dkt. 1) should be denied as moot.

//

//

REPORT AND RECOMMENDATION - 1

BACKGROUND

In his original complaint, plaintiff states he is a pretrial detainee at Pierce County Jail ("PCJ"); he commenced this action on April 23, 2025. Dkt. 1. Plaintiff names as defendants S. Buchannan, Sergeant at PCJ and Place, Sergeant/Courts Officer at PCJ. Dkt. 1-1. Plaintiff alleges defendants violated his right to due process and right to access the courts by refusing to allow him to testify against his previous criminal attorney at a hearing before the Washington State Bar Association on February 3, 2025. *Id.*

Plaintiff alleges that defendants' refusal to allow him to testify at the Bar Association hearing "may jeopardize his claim to ineffective assistance of counsel in a later appeal in [his] criminal case." *Id.* at 6. Plaintiff states he is seeking money damages as relief. *Id.* at 9.

By order dated June 4, 2025, the Court advised plaintiff of certain deficiencies in his complaint and directed him to either show cause or file an amended complaint curing the deficiencies by July 7, 2025. Dkt. 4. Specifically, the Court advised plaintiff that he had failed to allege facts to show his inability to testify at his former attorney's disciplinary hearing frustrated a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 case, and that he had failed to allege sufficient facts to show actual injury. *Id.* The Court further advised plaintiff that due to his ongoing criminal proceedings it appeared the Court should abstain from deciding his claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Id.*

On July 7, 2025, plaintiff filed a proposed amended complaint. Dkt. 5. Plaintiff's amended complaint names only Steven Buchanan, Sergeant at PCJ, as a defendant.

REPORT AND RECOMMENDATION - 2

*Id.* His amended complaint again alleges a denial of access to the courts due to defendant's refusal to allow him to testify "against his former criminal defense attorney at a hearing before the Washington State Bar Association, thereby obstructing his right to access the courts and jeopardizing potential future claims for ineffective assistance of counsel." *Id.* As relief, plaintiff seeks monetary damages, preliminary and permanent injunctive relief, attorneys' fees, and a declaration that defendant violated his constitutional rights. *Id.*

## DISCUSSION

A.   Relevant Legal Standard

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment

REPORT AND RECOMMENDATION - 3

would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

B.    Access to Courts

Plaintiff alleges defendants violated his right of access to the courts by refusing to allow him to testify against his previous criminal attorney at a hearing before the Washington State Bar Association. He alleges his inability to testify at the hearing may jeopardize his claim to ineffective assistance of counsel in a later appeal in his criminal case.

Prisoners have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977) *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996). The right of access to the courts applies to non-frivolous direct criminal appeals, habeas corpus proceedings, and 42 U.S.C. § 1983 cases. *Lewis v. Casey*, 518 U.S. 343 at 353 n. 3, 354–55 (1996). Furthermore, the claim is limited to a prisoner's ability to *access* courts and does not extend to the ability to discover legal claims or effectively litigate claims once in court. *See Lewis*, 518 U.S. at 354–55; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide

REPORT AND RECOMMENDATION - 4

a law library or legal assistance only during the pleading stage of a habeas or civil rights action.").

In addition, a plaintiff must show some actual injury resulting from a denial of access to the court in order to allege a constitutional violation. *See Lewis*, 518 U.S at 349. To meet the actual injury requirement, a plaintiff must demonstrate "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n.4).

Here, plaintiff fails to allege facts to show his inability to testify at his former attorney's disciplinary hearing frustrated a non-frivolous direct criminal appeal, habeas corpus proceeding, or § 1983 case. *Lewis*, 518 U.S. at 353 n. 3, 354–55. That is, he does not allege that he has been prevented from accessing the court to litigate a direct appeal, habeas corpus proceeding or § 1983 case.

Furthermore, plaintiff alleges his inability to testify at the hearing may jeopardize his claim to ineffective assistance of counsel in a later appeal in his criminal case. But, as discussed below, it appears plaintiff is a pretrial detainee, not convicted of the crimes with which he is charged. Thus, plaintiff fails to allege sufficient facts to show he as incurred an actual injury.

In sum, as alleged, neither plaintiff's complaint nor amended complaint adequately state a claim for denial of access to the courts.

C.  *Younger* Abstention

REPORT AND RECOMMENDATION - 5

Plaintiff's claims also relate to his ongoing criminal proceedings and are barred by the *Younger* abstention doctrine. *Younger*, 401 U.S. 37. Generally, federal courts will not intervene in a pending criminal proceeding absent "extraordinary circumstances, where the danger of irreparable harm is both great and immediate." *Younger*, 401 U.S. at 45, 46. Under *Younger*, courts should abstain from interfering with pending state judicial proceedings when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Courts may *sua sponte* consider whether *Younger* abstention is appropriate. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998); *see Younger*, 401 U.S. at 40–41.

Here, plaintiff indicates that he is a pretrial detainee and his criminal proceedings are currently pending. Dkts. 1-1, 5. Court records show that plaintiff's state court criminal cases are ongoing and that with respect to all but one of his pending cases (case no. 22-1-00387-3) jury trial proceedings have been continued to November 4, 2025. *Id*. *See State v. Simms*, Pierce County Superior Court Nos. 19-1-04047-7, 21-1-02032-0, 22-1-00378-4, 22-1-00382-2, 22-1-00387-3, 22-1-01184-1, 25-1-01521-3 (available at [Pierce County Superior Court Criminal Case 19-1-04047-7](), [Pierce County Superior Court Criminal Case 21-1-02032-0](), [Pierce County Superior Court Criminal Case 22-1-00378-4](), [Pierce County Superior Court Criminal Case 22-1-00382-2](), Pierce

REPORT AND RECOMMENDATION - 6

County Superior Court Criminal Case 22-1-00387-3, Pierce County Superior Court Criminal Case 22-1-01184-1, Pierce County Superior Court Criminal Case 25-1-01521-3, (last visited on August 19, 2025)). With respect to Pierce County Superior Court No. 22-1-00387-3, the court records reflect there is a "return date" scheduled for September 17, 2025. *See State v. Simms*, Pierce County Superior Court No. 22-1-00387-3 (available at Pierce County Superior Court Criminal Case 22-1-00387-3, last visited on August 26, 2025).

      Thus, the proceedings here involve a criminal prosecution implicating important state interests. Furthermore, there is nothing to indicate plaintiff would be prevented from raising in his state court criminal case the same issues he raises in his complaint in this matter. And a finding in plaintiff's favor – that defendant prevented plaintiff from accessing the court, thereby impeding a potential ineffective assistance of counsel claim – would likely have the practical effect of enjoining the ongoing state judicial proceeding. Plaintiff also fails to present sufficient facts in his complaint to show extraordinary circumstances where the danger of irreparable harm is both great and immediate.

      As plaintiff brings claims here that would unduly interfere with the state criminal proceeding, the Court should abstain from deciding his claims pursuant to *Younger*. *Younger*, 401 U.S. 37.

## CONCLUSION

      Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – dismissal of this action without prejudice for failure to state a claim under 42 U.S.C. § 1983 and under the *Younger* abstention doctrine is proper. The Court further

REPORT AND RECOMMENDATION - 7

recommends that plaintiff's motion to proceed IFP (Dkt. 1) should be denied as moot. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **September 10, 2025**, as noted in the caption.

Dated this 26th day of August, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8